Argued and submitted July 18, affirmed in part
and reversed in part September 8, reconsideration
denied October 16, petition for review allowed December 23, 1980

PHOTO & SOUND COMPANY,
*Appellant,*

*v.*

CORVALLIS et al,
*Respondents.*

(No. 112451, CA 15727)

616 P2d 557

Patric J. Doherty, Portland, argued the cause for appellant. With him on the briefs was Rankin, McMurry, Osburn, VavRosky & Doherty, Portland.

Ms. Leslie Roberts, Portland, argued the cause for respondent Corvallis. With her on the brief was Kell, Alterman & Runstein, Portland.

James A. Redden, Attorney General, and Al J. Laue, Assistant Attorney General, Salem, waived appearance for the State of Oregon.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

This action was brought pursuant to ORS 648.050(6) for the cancellation of the registration of the assumed business name "Photo and Sound" in Washington, Multnomah, and Clackamas Counties, presently registered as an assumed business name of defendant Peter G. Corvallis. The complaint also prayed for an order requiring defendant Healy, as Corporation Commissioner, to register "Photo and Sound Company" as an assumed business name for plaintiff in those counties. Defendant Corvallis filed a counterclaim to enjoin plaintiff from using that name in the three counties. The trial court, sitting without a jury, entered a judgment for defendant, which included an injunction against plaintiff's use of the assumed name. Defendant Corporation Commissioner entered a pro forma answer praying that the court either dismiss the complaint or order the Corporation Commissioner to cancel defendant Corvallis's registration of the assumed name. The Corporation Commissioner did not appear in this court. We affirm in part and reverse in part.

The extensive arguments of the parties are based upon the premise that the rights involved are private ones which may be resolved by a determination as to whether plaintiff has the right to require cancellation of the registration of the assumed name. Although that question is the immediate one involved in this statutory proceeding, the issues are more broad and, for the most part, involve rights of the public rather than strictly private rights of the parties.

■ It is clear from a reading of ORS Chapter 648, "Assumed Business Names," that the purpose of that chapter is to require the public disclosure of the names of persons doing business under an assumed name in order that members of the public dealing with the business being so conducted may know with whom

they are dealing. ORS 648.010[1] prohibits any person or persons from carrying on, conducting or transacting business under any assumed name unless such assumed name has been registered with the Corporation Commissioner. Any person who does so without having registered the assumed name is prohibited from

---

[1] ORS 648.010 provides:

"(1)   No person or persons shall carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, other than the real and true name of each person conducting the business or having an interest therein, standing alone or coupled with words which merely describe the business carried on and do not suggest the existence of additional owners, unless such assumed name or designation, name or style has been registered with the Corporation Commissioner. Words which suggest the existence of additional owners within the meaning of this section include such words as "Company," "& Company," "& Sons," "& Associates" and the like.

"(2)   The person or all the persons conducting the business or having an interest therein shall sign and cause to have filed a verified application for registration with the Corporation Commissioner. An application for registration shall set forth:

"(a)   The designation, name or style under which the business is to be conducted.

"(b)   The real and true name of each person conducting or intending to conduct the business, or having an interest therein, together with the street address of each such person.

"(c)   Every county in which the assumed name or other designation, name or style is used or is intended to be used to carry on, conduct or transact business.

"(d)   The name and street address of the person authorized to represent the applicant or applicants for the assumed business name. If the application is granted and the assumed business name registered with the Corporation Commissioner, the person authorized to represent the registrant or registrants shall be authorized to receive notices and perform other duties required by the registrant or registrants of the assumed business name under the provisions of this chapter. The registrant or registrants shall keep current the name of the authorized representative in the office of the Corporation Commissioner.

"(e)   Such other information as the Corporation Commissioner shall require.

"(3)   Subject to ORS 648.015, the Corporation Commissioner shall register the assumed business name contained in the application and shall notify the registrant or registrants of such registration.

"(4)   The registration of an assumed business name remains in effect until canceled."

maintaining any suit or action in any of the courts of this state, ORS 648.090.[2] Further, the Corporation Commissioner may bring suit in the name of the state to enjoin a violation of ORS 648.010(1). ORS 648.130.[3] A violation of the act is punishable, upon conviction, by a fine not exceeding $100. ORS 648.990. Accordingly, if defendant Corvallis was doing business under the name "Photo and Sound" he was *required,* rather than given the right *(cf.* ORS Chapter 647) to register the name.

■    The argument here is focused solely on whether the name "Photo and Sound" was in "actual use" by defendant Corvallis within the meaning of ORS 648.050(6). To decide that question without considering the registration requirements is, in a sense, to put the cart before the horse. As we view this record, there is no doubt that Corvallis was carrying on, conducting or transacting business in this state using the name "Photo and Sound," albeit minimally. He listed his business number under the name "Photo and Sound" in the telephone directory, he listed the name on the building directory and in an advertising directory. It is clear that defendant Corvallis held out to the public that his services could be engaged under that name. Although most of Corvallis's business was conducted under other than the assumed name in

---

[2] ORS 648.090 provides:

"No persons carrying on, conducting or transacting business in the manner described in ORS 648.010, or having any interest therein, are entitled to maintain any suit or action in any of the courts of this state without alleging and proving that they have registered the assumed business name as provided for in ORS 648.010 with respect to the county in which the person conducted the business giving rise to such suit or action."

[3] ORS 648.130 provides:

"Whenever the Corporation Commissioner determines that any person is violating subsection (1) of ORS 648.010, the commissioner may bring suit in the name of the state in any circuit court of this state to enjoin the acts or practices. Upon proper showing, the court shall grant a permanent or temporary injunction or restraining order. The court shall not require the commissioner to post a bond."

question, the record supports the conclusion that he obtained some business and had some earnings under the name "Photo and Sound." It would seem to follow that under these facts defendant Corvallis was *required* to register the assumed business name or be subject to the penalties and disability imposed by law.

The only aspect of registering an assumed name which might be characterized as a private right is contained in ORS 648.015,[4] which prohibits the Commissioner from registering an assumed business name which is the same as, or deceptively similar to, an assumed business name already registered, or any corporate, limited partnership, reserved or registered name or trademark, trade name, or service mark then on file with the Corporation Commissioner, Insurance Commissioner, or Superintendent of Banks. That section, however, does not purport to give the registrant the exclusive right to the use of the assumed name, as defendant Corvallis contends, and the trial court concluded. Rather, its purpose is to prohibit another person from registering (and using) a confusingly similar assumed name. Again, however, this prohibition is intended for the protection of the public.

The exclusive right to use is governed by ORS chapter 647 (Trade and Service Marks); under ORS 647.045(3)[5] a certificate of registration is *prima facie* evidence of the registrant's exclusive right to use. The functions of the two chapters are different, and it is

---

[4] ORS 648.015 provides:

"When an application for registration or amendment of an assumed business name contains an assumed business name which is the same as, or deceptively similar to, an assumed business name already registered for a county designated in the application or any corporate, limited partnership, reserved or registered name or trade-mark, trade name or service mark currently on file with the Corporation Commissioner, the Insurance Commissioner or the Superintendent of Banks, the Corporation Commissioner shall not register the assumed business name for which application is made."

[5] ORS 647.045(3) provides:

possible that one using an assumed name in business would be required to register that name even though it might not be registerable under ORS 647.035, particularly subsection (7) of that section.[6] Furthermore, if defendant Corvallis is right, the registrant of an assumed business name would have greater protection than a registrant under ORS Chapter 647.

We come now to the precise question presented: whether plaintiff is entitled under ORS 648.050(6) to cancellation of defendant Corvallis's registration of the assumed name, and to have registered in its name the name "Photo and Sound Company." Plaintiff filed the requisite petition under ORS 648.050(1)(b), alleging that the name registered by defendant Corvallis was not being used. Defendant Corvallis was notified of that petition and that his registration would be cancelled unless he, within 60 days, filed a verified statement that at the time of filing the statement he was in fact using the assumed business name in the county or counties involved. Defendant Corvallis filed such a verified statement, based upon which the Commmissioner denied the plaintiff's application for registration. This legal

"Any certificate of registration issued by the Corporation Commissioner under this chapter, or a copy thereof duly certified by the Corporation Commissioner, shall be prima facie evidence in any action or judicial proceeding in any court of this state of:

"(a)   The validity of the registration of the mark.

"(b)   Registrant's ownership of the mark.

"(c)   Registrant's exclusive right to use the mark in trade within the state in connection with the goods or services specified in the certificate, subject to any conditions and limitations stated therein."

[6] We need not, and do not, decide whether a trade name may be registered under ORS Chapter 647. "Trade name" is defined in ORS 647.005(1)(f), but the remaining sections, except ORS 647.107, refer only to a "mark," which is defined in ORS 647.005(1)(b) as: "any trade-mark or service mark entitled to registration under this chapter whether registered or not." However, ORS 647.035(7) seems to include trade names. Further, ORS 648.015 (see note 4, *supra)* clearly assumes that trade names are registrable as such.

proceeding followed pursuant to subsection (6), which provides:

> "If a petition filed under subsection (1) of this section is rejected as provided in subsection (5) of this section, a petitioner may file a complaint in the circuit court in Marion County or in the county with respect to which the petition was denied raising the question of actual use of the registered name in such county by the registrant. If the circuit court finds that at the time the verified statement of use was filed the registered name was not in fact being used in such county, it shall issue its order directing the Corporation Commissioner to cancel the existing registration with respect to such county and register the name requested by the petitioner in such county."

■ Plaintiff contends that defendant Corvallis's use of the name is nominal at most. However, as pointed out above, he did hold himself out to the public as doing business under that name, and in fact did some business under that name. Accordingly, we conclude he was required to register it or be subject to the statutory penalty and disability. If, for example, defendant Corvallis attempted to bring an action to collect for services he performed using the assumed name, but could not allege and prove that the assumed name was registered, he would not be able to maintain the action; he could not obviate the problem by contending that he used the name only nominally or that his use which occasioned the lawsuit was the first time he had used it.

■ It would be anomalous to construe the act, on the one hand, as requiring registration of the assumed name, but, on the other, as requiring cancellation for lack of substantial use. That, in effect, would be the result of plaintiff's contentions. The test should be the same under both ORS 648.010 and 648.050. We conclude that the trial court was correct in determining that the assumed name was "in actual use" by defendant Corvallis at the time he filed his verified statement pursuant to ORS 648.050, and that the registration should not be cancelled.

■ However, the trial court concluded that the registrant of an assumed business name was granted the right to the exclusive use of the registered name and, at the request of defendant Corvallis, enjoined plaintiff from using the name "Photo & Sound Co." as an assumed business name in the three counties involved. From what we have said above, it is apparent that the trial court erred in granting the injunction at the behest of defendant Corvallis. This proceeding is a statutory one to determine whether the registration should be cancelled or not. Whether Corvallis or anyone else is entitled to appropriate to his exclusive use the words "Photo and Sound" is not here in issue,[7] and involves different considerations; the injunction ought not to have been issued. Furthermore, ORS chapter 648 authorizes only the Corporation Commissioner to seek an injunction,[8] and then only after he has determined that a person is violating subsection (1) of ORS 648.010. The defendant Corporation Commissioner did not request such relief in this proceeding, and there is nothing in the record to indicate that plaintiff is violating the act.

Affirmed in part and reversed in part.

---

[7] The question of how that issue may be resolved is not before us.

[8] ORS 647.107 authorizes injunctive relief to registrants under ORS 647.015 or to one using a trade name valid at common law.